UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____
                                             )
UNITED STATES OF AMERICA      )
                                             )
V.                                           )     CR. NO. 13-CR-00025-1-PB
                                             )
JAMES JOYCE                       )
                                             )
_____ )

## DEFENDANT'S SENTENCING MEMORANDUM

The defendant pled guilty to Conspiracy to Manufacture Five Grams or More of Methamphetamine in violation of 21 U.S.C. § 846 and 841(b)(1)(B), which carries a minimum sentence of five years and a maximum of forty years. There are five co-defendants, Marie Chacon, Debra Miller, Hon Lu, Michael Caissie, and Samly Sysouphanh. The co-defendants have not yet been sentenced. The defendant and the government have reached an agreement pursuant to Fed.R.Crim.P 11(c)(1)(C) that the defendant be sentenced to a period of 120 months of incarceration.

**The guidelines**

Based upon the type and quantity of drug, the base offense level is 26. *PSR ¶27.* There is a 6 level increase because the offense involved a substantial risk of harm to a minor, yielding an adjusted offense level of 32. . *PSR ¶28 and 33.* A 3 level reduction for acceptance of responsibility yields a total offense level of 29. *PSR ¶ 37* Applying a criminal history score of IV yields an advisory sentencing range of 121 - 151 months.

1

*PSR ¶¶55 and 80*.  The agreed upon sentence of 120 months is one month below the

advisory guideline range. Because the agreement is governed Fed.R.Crim.P 11(c)(1)(C) a

variance is not required. United States v. Cole, 412 Fed. Appx. 320, 2011 U.S. App. LEXIS

5629 (1ˢᵗ Cir. Mar. 17, 2011)(per curiam).

**Considering the provisions of 18 U.S.C. § 3553(a) a sentence of 120 months is the most appropriate sentence**

The agreed upon 120 months sentence is  extremely long, and is dramatically

longer than any prior sentence served by the defendant.  It is supported, in part, by his

prior involvement with Methamphetamine as referenced in paragraph 52 of the

presentence report. It is also justified by the quantity of the drugs involved and, most

notably, by the danger presented to a minor child, which resulted in a 6 level

enhancement pursuant to U.S.S.G. § 2D1.1(b)(13)(D).   The defendant is concerned,

however, that based upon some of the false information provided by some of the co-

defendants, the Court may consider that his role in the offense was more significant than

that of some of his co-defendants.  This is not true.  A conspiracy was ongoing in May of

2012 when law enforcement was advised that residents at 263 Laconia Road were

utilizing the "one pot" method to manufacture Methamphetamine.  It is not known how

long the co-defendants in this case had been using the "one pot" method to produce

Methamphetamine at 263 Laconia Road prior to May, 2012.  The defendant was

incarcerated from August 5, 2011 through August 31, 2012 and was therefore not

involved in this activity in any manner.  He, in fact, was unacquainted with any of the

co-defendants until some period of time after his release from incarceration on August 31, 2012.  Once he became aware of the ongoing activity he of course fit right in, and he began producing Methamphetamine along with the other members of the conspiracy.  In sum, the co-defendants were involved in the production of Methamphetamine long before the defendant was aware of it, and long before he became involved.  The notion that he is somehow the most culpable individual involved in the conspiracy is incorrect.

The defendant has a long standing and severe substance abuse problem which began when he was an elementary school student in Laconia, NH. *PSR ¶65*. After serious problems with alcohol he managed to stop drinking in 2009. *PSR ¶72.* His substance abuse problems, however, dramatically increased in 2010 after the murder of Melinda Judkins, the mother of his child, Kayla Joyce.  It was at this point that he became heavily involved with Methamphetamine. *PSR ¶66.* The defendant's involvement in the instant offense is driven by his need for Methamphetamine rather than out of a desire for financial enrichment.

If the defendant can resolve his substance abuse problems he will be unlikely to re-offend.  He is therefore requesting that the Court recommend the Bureau of Prisons Intensive Drug and Alcohol Treatment Program.

> Respectfully submitted,
> James Joyce
> By His Attorney,

3

Date:   December 6, 2013                    /s/ Jonathan R. Saxe
                                            Jonathan R. Saxe
                                            N.H. Bar No. 8226
                                            Assistant Federal Defender
                                            Federal Defender Office
                                            22 Bridge Street
                                            Concord, NH 03301
                                            Tel. (603) 226-7360
                                            E-mail: jonathan_saxe@fd.org


## CERTIFICATE OF SERVICE


I hereby certify that the above document was served on the following person on December 6, 2013and in the manner specified herein: electronically served through ECF to AUSA Jennifer Cole Davis and counsel of record, and a copy mailed to US Probation Officer Sean Buckley.

                                            /s/ Jonathan R. Saxe
                                            Jonathan R. Saxe
                                            N.H. Bar No. 8226
                                            Assistant Federal Defender
                                            Federal Defender Office
                                            22 Bridge Street
                                            Concord, NH 03301
                                            Tel. (603) 226-7360
                                            E-mail: jonathan_saxe@fd.org