U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

JAN 06 2014

FILED

19 December 2013

Honorable Judge Baradoro:

    I am writing you, because I can't help wondering about the actions of my lawyer in court today. If I don't address this and find out, I'm afraid it will haunt me the entire time I am incarcerated.

    I had prepared a statement for the court. No matter what my lawyer said, I intended to have you hear it. Yet, he talked me into omitting some of it. Then, when we were in the courtroom, you asked me, "Did you teach Marie Chacon how to cook Methamphetamine?" The answer to that was in the first statement my lawyer advised me to omit, which was: "Heavy surveillance on 263 Laconia Road was started on April 23, 2013 for suspicion of the manufacturing of methamphetamine. That was 4½ months before I met Marie Chacon."

    This got me wondering if the other statement he didn't want me to make would have had any influence on the length of my sentence. These are the facts of the other statement omitted.

    When I was offered the plea deal, the conversation with my lawyer went like this: "Me and the prosecutor agree that your offense deserves an 8-year sentence, but the D.A. wants 10 years." Then, my lawyer told me the prosecutor said I should sign the C plea and 10 years is the most I would can get, and no 851 notice would be filed. The mandatory minimum would be five years. I could get between 5-10 years, but it would be up to the judge to decide. If I didn't sign the C plea, she could file the 851 notice and 10 years would be my mandatory minimum.

    Your Honor, the whole draw for me to the C plea was not to get 120 months instead of 121 months. It was in hopes that after I addressed the court you might agree to sentence me to between 5 and 10 years. Perhaps, the 8 years my lawyer and the prosecutor thought was appropriate. I thought that was the real purpose of the C plea, so I signed the plea agreement.

    Now, I don't understand why I was told not to bring this part of the deal up to you. Would this have had any affect on the length of my sentence? Please, let me know. And, if there is anything I should do. I know you said something about 14 days for an appeal, but I'm not sure this calls for an appeal. And, it seems I can't ask my lawyer to help me. You said that if I didn't go through him I could use the Clerk of Courts, which makes me wonder if you saw something about my lawyer's actions that would make me want to go through the Clerk's office myself. Please, get back to me about this as soon as possible, if the 14 days would need to apply.

    Thank you very much for your time and consideration.

    Sincerely, *James Joyce*

Mr. James Joyce

**To Honorable Judge Baradoro; this is the complete statement I wanted to read to you. Omissions are in BOLD print a police report states that heavy surveillance was started on 263 Laconia RD on April 23 2012 after receiving tips about the manufacturing of methamphetamine and that I was seen frequently coming and going. I don't know how this could be. I'm not proud of this but I was incarcerated at the N.H. State Prison until September 1, 2012 4 ½ months after their surveillance started. So it would be safe to say that what was going on at 263 Laconia Rd. and caused the police to start the surveillance at that address had nothing to do with me. However once I got out of prison I was told I could get methamphetamine from 263 Laconia Rd. and because of my drug problem I did start to associate with the residents of that address Thanks to Bruce Wiltshire of Celebrate Recovery who I meet with every Wednesday I believe I have may drug problem under control. It is very easy to get drugs in jail despite that fact I have been clean and sober for over 1 year. Over the past year I've had a lot of time to reflect on the way** I've been living my life and how I need to change. I had a few bad influences in my life growing up. I've lied, made wrong choices, and done some bad things. I thought I had all the answers, that I could live life my way on my terms. I thought I could count on my so called friends. I didn't realize how many lies people could get me to believe. All the people who said they would be there for me are nowhere to be found, and I've caused the people who truly love me so much disappointment and shame some of them still will not speak to me. I struggled with that it made me feel all alone. I didn't know where to turn. I never put much faith in God. Then I sat down with the chaplain and he suggested I read the Bible. I rolled my eyes but did it. I was also invited to participate in a 24 week program called "The Walk of Repentance" and, through the two I learned about forgiveness, for me, and my forgiveness of others, about having respect for authority and holding myself accountable, in turn doing what 's right. I no longer feel alone. I know God's with me and will help me through whatever is coming next. I'm here today to accept responsibility and to face the consequences for my actions, making no excuses. I gave my attorney a letter for you. I assume you have read it. I know my daughter is hurting, feeling alone, and confused over her mothers' murder. I was also hurting, but that's no excuse for turning to drugs. I don't know how I could have let drugs into my life after what happened to Kayla's mother. I only made matters worse, now I've caused myself to be taken away from her as well when she needs me the most. **I was a offered a plea deal it was this take this C plea which makes the most time I will spend in prison 10 years or don't and an 851 notice will be filed making 10 years the least amount of time I will spend in prison. So I signed the C plea, for 10 years but it was also agreed that if I signed it no 851 notice would be filed, making the mandatory minimum 5 years so if you will accept my guilty plea and the terms of this C plea. All that's left is how long will I spend in prison. I realize that decision is yours.** Since my arrest I've tried very hard to do as I was told. I've caused no trouble or problems for the guards, and I have received any disciplinary reports. I was told that grace is receiving the things we don't deserve and mercy is <u>not</u> receiving the things we do deserve. So I'm asking you for grace and mercy in my sentencing, and for the sake of my relationship with my daughter, I'm asking you to please consider sentencing me to a medium, or minimum security prison in Florida where Kayla lives with my mother so that we could have contact visits. This would help a great deal in my attempting to reconcile with her. I know that just saying I have God in my life doesn't mean all my problems just disappear but knowing Him has changed the way I see the world and the way I'm going to live my life. I can't change the past but, I can do better in the future. Please give me the chance to prove it. Thank you for allowing me to speak. I will respect whatever your decision is in my sentencing.

69.12

25% then 58 % = 10.44 gms

OL 26 for 5 - 20 grams
+ 6 risk of harm to minor= 32
organizer or leader +4
)L 36 CHC IV = 262- 327
36 - 3 = 33 = 188 - 235
no organizer or leader 32 CHC IV = 168 - 210
32 - 3 = 29 CHCIV = 121-151 / 168 - 210 if no plea
2 level organizer 34 - 3 = 31 CHC IV = 151 - 188

ALSO 5 year min/man and 10 if 851 notice

168-210

This is what I understood was the plea deal and no 851 notice was filed

I gave pete a copy and asked him to order criminal record
April 23, 2013
Saw D last Friday

April 23, 2013
PD Laconia 524-1831 case 211- 2011-CR-00272

questioning of d August 5, 2011... Also motion to bring forward scheduled 5/13/13/ at 1:30 PM
Spoke to Jesse Friedman
Hon Lu is being represented by PD so they are not representing him.
Bonnie. 941-474-5382   w 941474-8968

Gene Shaw 603-455-6177
I called and left message

memo to pete
James Joyce

Mr. Joyce is charged with meth conspiracy. I may be filing a motion to suppress and need to determine what dates he was in prison and in jail pretrial in 2011- 2011 because the affidavit alleges conduct that could not have involved the defendant because he was incarcerated at the time. This was a Belknap county superior court case 11-272-525034C. He was arrested on August 5, 2011 and I believe he was held at Belknap County pre trial but need to confirm this. He was sentenced to 1 - 3 on 1/5/12, and also got 12 month HOC. D says he was incarcerated from August 5, 2011 - Sept 1, 2012. I need to get the prison records to confirm this. While surveillance was going on at 363 Granite Rd

Spoke with Gene Shaw D stayed with him upon his release from prison. Until he was arrested. He had a room and clothing. He was there about 20% of the time. 601 North Road Salisbury, NH 03268